ELLIS, Judge:
This is a suit brought by the executor of the Succession of Geneva Fitch Harris, asking for a declaratory judgment interpreting the will of the decedent. Mrs. Harris left a will containing the following disposition :
“At my death, I leave and bequeath to the person who is taking care of me at the time of my death all of my rights, titles and credits which I die possessed of.”
At the time of her death on November 9, 1972, and for two weeks prior thereto, Mrs. Harris was living in half of a double house owned by Albertine Pierce. She paid Mrs. Pierce $200.00 per month, which covered the rent of the house, and board. Mrs. Pierce, who lived in the other half of the double, prepared decedent’s meals, cleaned the house, and slept on Mrs. Harris’s side of the house at night. The record reveals that Mrs. Pierce and Mrs. Harris had been friends for many years.
Prior to moving in with Mrs. Pierce, Mrs. Harris had resided in the Lafon Nursing Home where she paid over $200.00 per month for her room and board and other services. She had lived there since the latter part of 1970.
In 1969 and 1970, Mrs. Harris had resided with various relatives in the Houma area, to whom she made no payment for room and board.
■ Mrs. Pierce and Mrs. Harris’s legal heirs, all of whom are collaterals, were made parties defendant herein. After trial on the merits, judgment was rendered de-daring that no one was “taking care of” Mrs. Harris within the meaning of the will, and that the assets of the succession should be distributed among the legal heirs as in an intestate succession. From that judgment, Mrs. Pierce has appealed.
In reaching his conclusion, the trial judge decided that the testatrix intended her universal legatee to be the person taking care of her without compensation at the time of her death. Since Mrs. Pierce was receiving $200.00 per month, he concluded that she was not “taking care of” Mrs. Harris.
We cannot agree with this interpretation. In Succession of Martin, 262 So.2d 46 (La.App. 1 Cir. 1972), we said:
“The cardinal rule applicable to the interpretation of a will is that the intention of the testator is to be given effect. (Citations omitted.)
“2. When a will is subject to different interpretations, the courts will adopt that construction which will render the testament valid, since, under our law, all testaments carry a strong presumption of validity. (Citations omitted.)
“3. Our rules governing testamentary interpretation also provide that the testator’s intent must be determined without departing from the terms of the will. (Citations omitted.)
“4. Also applicable herein is the well established rule that the intent of the testator is controlling, and where the language of the testament is clear and unambiguous, forced interpretations are not permissible. (Citations omitted.)”
Mrs. Pierce was furnishing room and board to Mrs. Harris, keeping house for her, and sleeping with her at night. Mrs. Harris was over 70 years of age, almost blind, and was unable to care for herself. No other person was rendering any services to Mrs. Harris. We think it clear that Mrs. Pierce was taking care of Mrs. Harris when she died. There is no language in the will to restrict the universal *740 legacy to an uncompensated person. We think the proper interpretation of the will is that which gives effect to the expressed desires of the testatrix. We find the dispositions quoted above to be clear and unambiguous, and find that Mrs. Pierce is the only person who could be covered thereby.
The judgment appealed from is therefore reversed, and there will be judgment herein declaring Albertine Pierce to be the universal legatee of Geneva Fitch Harris, and remanding the case to the trial court for further proceedings in accordance with law. All costs are to be borne by the Succession of Geneva Fitch Harris.
Reversed and remanded.